**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **EARL TUCKER,** | ) |
| **Plaintiff,** | ) |
| | ) **Case. No. 09 C 6045** |
| v. | ) |
| | ) **Magistrate Judge Morton Denlow** |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Michael J. Astrue, Commissioner of the Social Security Administration's ("Defendant") motion to dismiss or alternatively for summary judgment of Plaintiff Earl Tucker's ("Plaintiff") claims alleging employment discrimination and retaliation. Plaintiff has also filed a motion to amend his amended complaint to assert claims under the Tucker Act and the Little Tucker Act. The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1). For reasons explained below, the Court will treat Defendant's motion as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, and grants the motion. In addition, the Court denies Plaintiff's motion to amend his claim.

# I. BACKGROUND FACTS[1]

Plaintiff, a disability examiner at the Social Security Administration ("SSA"), is president of a union known as the "American Federation of Government Employees Council 224" ("Union"). In November 2004, Plaintiff filed a grievance pursuant to a collective bargaining agreement between the SSA and the Union, alleging the SSA discriminated and retaliated against him on the basis of his race and prior Equal Employment Opportunity ("EEO") complaints by failing to provide adequate office space and furnishings to which Plaintiff believed he was entitled as the Union president.

The SSA and Plaintiff resolved the grievance through a settlement agreement dated November 9, 2006 that provided Plaintiff additional office space and up to $15,000 to cover the costs of buying furniture and office equipment to be selected by Plaintiff. The agreement also provided that both parties agreed "not to pursue or file, either now or in the future, any claim, administrative complaint, or court action arising out of the allegations that formed the basis of the grievance regarding space for Council 224, other than an action regarding compliance with this agreement." Def.'s 56.1, Ex. B at ¶ 1(a).

Following execution of the settlement agreement, a dispute arose between the parties when Plaintiff claimed that the SSA refused to correct the location of a folding door in Plaintiff's office that blocked off space guaranteed to him by the settlement agreement. Plaintiff sought EEO counseling in September 2008 and filed a formal complaint in

---

[1] The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of Plaintiff. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008).

December 2008, alleging the SSA's failure to move the folding door constituted: 1) a violation of the settlement agreement, 2) discrimination based on his race (African-American) and gender (male), and 3) reprisal for prior EEO activity. Plaintiff concurrently sought to enforce the settlement agreement through the Equal Employment Opportunity Commission ("EEOC"). *See* Def.'s 56.1, Ex. E.

In December 2008, the EEOC dismissed Plaintiff's action because it lacked jurisdiction to enforce settlements reached through the union grievance process. In March 2009, the SSA dismissed Plaintiff's EEO complaint for the same reason - that he had chosen to pursue his claim through the grievance process, thereby foreclosing him from pursuing it through the EEO process. Plaintiff appealed to the EEOC, which affirmed the SSA's dismissal in June 2009 for the reasons set forth in the SSA's decision and because Plaintiff's claims were barred by *res judicata* since he previously raised them before the EEOC in December 2008.

Plaintiff thereafter filed this case in September 2009, seeking review of his EEO claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Dkt. 1. He filed an amended complaint on November 5, 2009. Dkt. 6. In April 2010, he filed a notice of motion to amend his complaint to include violations of the Tucker Act and Little Tucker Act. Dkt. 23.

## II. DISCUSSION

**A.      Defendant's Motion to Dismiss or for Summary Judgment**

The threshold question is whether to treat Defendant's motion as one to dismiss or for summary judgment. Defendant has moved for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) or alternatively for summary judgment under Rule 56. Defendant's argument is essentially that the Court lacks subject matter jurisdiction because Plaintiff chose to pursue his employment discrimination claims through a negotiated union process rather than through the EEO process. Therefore, the motion is properly treated as a 12(b)(1) motion to dismiss. *See, e.g., Wong v. Barnhart*, 2006 WL 1719530 (N.D. Ill. June 19, 2006); *Johnson v. Principi*, 2004 WL 2044258 (N.D. Ill. Sept. 3, 2004).

In ruling on a motion under Rule 12(b)(1), "the district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008). Unlike a 12(b)(6) motion, where the court can only consider the complaint and its attachments, on a 12(b)(1) motion the district court may look beyond the jurisdictional allegations of the complaint to evidence that has been submitted on the issue to determine whether in fact subject matter jurisdiction exists. *Id.* at 656-57. When the existence of subject matter jurisdiction is challenged by the defendant as a factual matter, the burden of proving jurisdiction rests with the plaintiff. *Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443 (7th Cir. 2009).

Plaintiff's amended complaint asserts that this Court has jurisdiction under 42 U.S.C. § 2000e(f), which confers subject matter jurisdiction on federal district courts to hear cases dismissed by the EEOC. Defendant, however, contends that Plaintiff's amended complaint

should be dismissed for lack of subject matter jurisdiction because Plaintiff irrevocably elected to pursue his complaint through the union-negotiated grievance procedure prior to filing for EEO counseling. Due to this election, Defendant argues Plaintiff is precluded from pursuing the employment discrimination procedures pursuant to the Civil Service Reform Act ("CSRA"), 5 U.S.C. § 7121(d), as well as 29 C.F.R. § 1614.301(a).

The CSRA (codified in scattered sections of Title 5) "elaborated a comprehensive framework for handling the complaints of civil service employees faced with adverse personnel decisions." *Ayrault v. Pena*, 60 F.3d 346, 347 (7th Cir.1995). The CSRA was designed to establish one integrated system for administrative and judicial review of adverse federal employee personnel actions. *United States v. Fausto*, 484 U.S. 439, 444 (1988). The Supreme Court has held that alternative legal remedies are not available to federal employees for matters within the CSRA's scope. *Id.* at 448. The Seventh Circuit has interpreted this to mean that the CSRA "essentially preempted the field by superseding preexisting remedies for all federal employees." *Ayrault*, 60 F.3d at 348 (internal quotations omitted).

Pursuant to the CSRA, a federal employee alleging employment discrimination must make the irrevocable election to pursue his claim either through a union-negotiated grievance procedure or a statutory procedure, but he may not elect both. 5 U.S.C. § 7121(d). EEOC regulations further provide that "an aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part." 29 C.F.R. § 1614.301(a). The EEOC will dismiss "an entire complaint . . . where the

5

complainant has raised the matter in a negotiated grievance procedure that permits allegations of discrimination . . . ." 29 C.F.R. § 1614.107(a)(4).

Here, Plaintiff elected to pursue his discrimination and retaliation claims related to the failure to provide office space through a union-negotiated grievance process. Those claims were resolved pursuant to a settlement agreement that provided that any alleged violation of the agreement be resolved through an action to enforce it. Since Plaintiff chose to use the grievance process, he is foreclosed from pursuing his claims through the EEO process or through a separate complaint to the EEOC. *Wong*, 2006 WL 1719530 at *1. Plaintiff cannot circumvent the CSRA by attempting to go outside its comprehensive framework and get a second bite at the apple. He may instead choose to pursue enforcement of the settlement agreement through the union-negotiated procedures.

Plaintiff's brief is largely unresponsive to the issues raised by Defendant's 12(b)(1) motion related to this Court's jurisdiction, and instead offers a merits-based argument in support of the discrimination allegations. However, Plaintiff's amended complaint does raise one relevant issue - whether the complaint raised in the grievance procedure and the EEO complaint concerned the same "matter." Pl.'s Am. Compl. at 3; *see Wong*, 2006 WL 1719530, at *1; *Bobeck v. Dept. of Health and Human Svcs. - Social Sec. Admin.*, 1996 WL 89111, at *7. Plaintiff appears to assert that his 2008 complaint is not related to the "old matter" raised in 2004 and settled in 2006.

Plaintiff's position is unavailing, however, as he acknowledges his 2008 EEO complaint was brought explicitly seeking enforcement of the 2006 settlement agreement.

Dkt. 22 at 11.  The sole issue Plaintiff has raised relates to Defendant's failure to comply with that agreement by refusing to move a folding door.  He thus has asserted the same underlying discrimination claims related to the failure to provide equal office space that he raised in his 2004 complaint.  Having chosen to pursue these claims through the grievance process, Plaintiff must continue down that path now.  Defendant's motion to dismiss for lack of subject matter jurisdiction is therefore granted.

**B.     Plaintiff's Motion to Amend**

Generally, courts grant leave to amend "freely ... when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, amendment is appropriately denied if it would be futile.  *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007).  An amendment is futile if the complaint, as amended, would not withstand a motion to dismiss.  *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

Plaintiff requests leave to amend his claims to include violations of the Tucker Act and the Little Tucker Act.  The Tucker Act provides that the "United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States."  28 U.S.C. § 1491(a)(1).  The Little Tucker Act provides that when the claim for contract damages is under $10,000, the district courts shall have concurrent jurisdiction with the United States Court of Federal Claims.  *Id.* § 1346(a)(2).

In this case, the Court must deny Plaintiff leave to amend because it cannot exercise jurisdiction over his Tucker Act or Little Tucker Act claims.  Plaintiff correctly points out

that settlement agreements are "contracts" under the Tucker Act. *Stovall v. United States*, 71 Fed. Cl. 696, 698 (2006). However, as discussed above, settlement agreements reached under "an integrated scheme of administrative review," including the CSRA, may only be enforced through the procedures provided by that integrated scheme. *De Maio v. U.S.*, 93 Fed. Cl. 205, 210 (2010); *Pines Residential Treatment Ctr, Inc. v. U.S.,* 64 Fed. Cl. 307, 314-15 (2005). Therefore, no federal court can exercise subject matter jurisdiction over Plaintiff's Tucker Act or Little Tucker Act claims.

Furthermore, this Court lacks jurisdiction on the alternative basis that claims brought under the Tucker Act cannot be heard by the district courts when they exceed $10,000. 28 U.S.C. § 1491. Plaintiff has claimed $32,000 in damages as a result of Defendant's alleged breach of the agreement. Since allowing Plaintiff to add these claims would be futile, the Court denies his motion to amend.

## CONCLUSION

For the reasons set forth in this opinion, Defendant's motion to dismiss is granted, and Plaintiff's motion to amend is denied.

**SO ORDERED THIS 8th DAY OF September, 2010**

_____
**MORTON DENLOW**
**UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

| | |
|---|---|
| Earl Tucker | Kurt Lindland |
| 600 W. Madison | Assistant United States Attorney |
| 5th Floor | 219 S. Dearborn St. |
| Chicago, IL 60661 | Chicago, IL 60604 |
| | |
| *Pro Se* Plaintiff | Counsel for Defendant |